IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BILL LIETZKE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACT. NO. 2:13-CV-849-MHT |
| | ) |
| CITY OF MONTGOMERY, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**RECOMMENDATION AND ORDER OF THE MAGISTRATE JUDGE**

Before the court is the amended complaint (Doc. 9) filed by the Plaintiff, Bill Lietzke. Also before the court is the motion for leave to proceed *in forma pauperis* (Doc. 4).

**I. Standard of Review**

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  The standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. §1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).  Under this standard, to survive a motion to dismiss, factual allegations in the

complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Discussion

In his amended complaint, Leitzke alleges that the Defendants violated his constitutional rights "from July 5, 1990 completely through December 28, 2012." (Doc. 9 p. 2). Leitzke then enumerates various alleged constitutional deprivations through several counts of the complaint.

**A.    Count I**

In the first count of the *pro se* complaint, which is labeled "first degree criminal trespass," Leitzke alleges that, "from September 18, 2005 to January 8, 2007," police officers of the city of Montgomery unlawfully entered his residence and violated his privacy by looking into his house. (Doc. 9 p. 2). Construed in the light most favorable to Leitzke, the first count in his complaint seeks relief under 42 U.S.C. § 1983 for the deprivation of constitutional rights under color of state law. *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured").

This action was filed on November 7, 2013. Accordingly, the first count in Leitzke's complaint is clearly barred by the two-year statute of limitations applicable to § 1983 actions in Alabama. *See Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011) (holding that all constitutional claims brought under § 1983 are tort actions subject to the statute of limitations governing personal injury actions of the state in which the action has been brought, which, in Alabama, is two years).

Because it is apparent beyond doubt from the face of Lietzke's amended complaint that the first count is clearly time-barred, that count is due to be dismissed with prejudice under 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that, where the litigant is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted."); *Hughes v.Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (holding that, pursuant to 28 U.S.C. § 1915(e)(2)(b)(i), a district court properly dismissed a § 1983 claim prior to service on grounds that the complaint was frivolous because, from the face of the complaint, it was apparent beyond doubt that the statute of limitations barred the claim). *Cf. Reynolds v. Murray*, 170 Fed. Appx. 49, 50-51 (11th Cir. 2006) (holding that, pursuant to 28 U.S.C. § 1915A(b)(1), a district court properly dismissed a prisoner's § 1983

3

claim with prejudice for failure to state a claim upon which relief can be granted where it was clear from the face of the complaint that the statute of limitations had run); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (holding that, under 28 U.S.C. § 1915(e)(2)(B)(ii), the complaint of a nonprisoner[1] proceeding *in forma pauperis* may be dismissed prior to service for failure to state a claim upon which relief can be granted).

**B.     Count II**

In the second count of his complaint, which is labeled "menacing," Leitzke alleges that, "from July 13, 2004 to January 8, 2007," police officers of the city of Montgomery unlawfully detained him, broke into his house, assaulted him, and pointed guns and flashlights at him. (Doc. 9 p. 2). Construed in the light most favorable to Leitzke, the second count in his complaint seeks relief under 42 U.S.C. § 1983 for the deprivation of constitutional rights under color of state law. The second count in Leitzke's complaint is clearly barred by the two-year statute of limitations applicable to § 1983 actions in Alabama. *See Powell*, 643 F.3d at 1303 ("The two-year limitations period . . . applies to section 1983 actions in Alabama." (citations and internal quotation marks omitted)).

Because it appears beyond doubt from the face of Lietzke's amended complaint that the second count is clearly time-barred, that count is due to be dismissed with prejudice under 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief can be

---

[1] *Troville* was filed by a civilly committed detainee, and the Eleventh Circuit held that the plaintiff was not a "prisoner" within the meaning of 28 U.S.C. § 1915. *Troville*, 303 F.3d at 1258, 1260; *see also Brown v. Johnson*, 387 F.3d 1344, 1348 (2004) ("*Troville* did not involve a prisoner.").

4

granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *Hughes*, 350 F.3d at 1163 (holding that, pursuant to 28 U.S.C. § 1915(e)(2)(b)(i), a district court properly dismissed a § 1983 claim as frivolous prior to service where it was apparent beyond doubt that the statute of limitations barred the claims); *see also Reynolds*, 170 Fed. Appx. at 50-51(holding that, pursuant to 28 U.S.C. § 1915A(b)(1), a district court properly dismissed a prisoner's § 1983 claim with prejudice for failure to state a claim upon which relief can be granted because the statute of limitations had clearly run).

**C.     Count III**

In the third count of his complaint, which is labeled "false imprisonment," Leitzke alleges that he was falsely imprisoned on seven separate occasions, which occurred on July 5, 1990, May 10, 1999, October 23, 2005, December 13, 2006, January 8, 2007, January 19, 2007, and March 26, 2008. (Doc. 9 p. 3). Construed in the light most favorable to Leitzke, the third count in his complaint is a claim for the deprivation of constitutional rights under color of state law pursuant to 42 U.S.C. § 1983. The third count in Leitzke's complaint is clearly barred by the two-year statute of limitations applicable to § 1983 actions in Alabama. *Powell*, 643 F.3d at 1303.

Because it is apparent beyond doubt from the face of Lietzke's amended complaint that the third count is clearly time-barred, that count is due to be dismissed with prejudice under 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Reynolds*, 170 Fed. Appx. at 50-51; *Hughes*, 350 F.3d at 1163.

5

**D.     Count IV**

In the fourth count of his complaint, which is labeled "constitutional rights violations," Leitzke alleges that police officers for the city of Montgomery unlawfully detained him and arrested him without probable cause on false accusations of "jumping out in front of cars, "walking in the middle of the interstate," "harassing Troy State University," engaging in "altercations with court reporters," "[j]umping off the I 85 Interstate overpass," and "walking in the traffic lane of the I 85 Interstate."  (Doc. 9 p. 4).  Construed in the light most favorable to Leitzke, the fourth count in his complaint is a claim for the deprivation of constitutional rights under color of state law pursuant to 42 U.S.C. § 1983.

However, fifteen of the alleged incidents of deprivation of constitutional rights are barred because they occurred more than two years before the filing of this action, specifically the incidents that occurred on the following dates: June 19, 2008, July 14, 2008, November 8, 2008, December 23, 2008, January 27, 2009, May 27, 2009, August 20, 2009, October 19, 2009, January 3, 2010, February 1, 2010, August 16, 2010, April 10, 2011, June 12, 2011, July 12, 2011, and September 2, 2011.  Section 1983 claims arising out of those fifteen incidents are clearly barred by the two-year statute of limitations applicable to § 1983 actions in Alabama.  *Powell*, 643 F.3d at 1303.  Accordingly, all claims arising from those fifteen incidents are due to be dismissed with prejudice under 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B); *Reynolds*, 170 Fed. Appx. at 50-51; *Hughes*, 350 F.3d at 1163.

Further, in the fourth count of his complaint, Lietzke also alleges that Montgomery

6

police officers harassed some employees of a real estate company. (Doc. 9 p. 4). Lietzke does not have standing to seek relief on behalf of other people, including real estate employees who were allegedly harassed by police. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11-12 (2004) (holding that, to establish standing, "[t]he plaintiff must show that the conduct of which he complains has caused *him* to suffer an 'injury in fact;'" further, the doctrine of standing "encompasses 'the general prohibition on a litigant's raising another person's legal rights'" (emphasis added; citations omitted)). Therefore, any claim for relief on grounds that police harassed anyone other than Lietzke is due to be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Dermer v. Miami-Dade County*, 599 F.3d 1217, 1220 (11th Cir. 2010) (holding that the question of standing is a "question[] concerning . . . subject matter jurisdiction").

   Leitzke also alleges that constitutional rights violations occurred on June 10, 2012, June 20, 2012, December 28, 2012, August 18, 2013, and October 2, 2013. While it appears that incidents occurring on these dates are not barred by the statute of limitations, it is not possible to tell from the face of the complaint what, specifically, occurred on each of those dates or the identity of the person or persons who allegedly deprived Leitzke of his constitutional rights on each of those dates. In other words, Leitzke's amended complaint does not comply with this court's November 26, 2013 order requiring him to describe with specificity the dates and nature of the alleged unconstitutional acts of the defendants, and the

7

identity of the defendants who committed those acts. (Doc. 8). However, in deference to Lietzke's *pro se* status, the court will allow him one more opportunity to amend his complaint to state, with specificity, the nature of each allegedly unconstitutional act that occurred on June 10, 2012, June 20, 2012, December 28, 2012, August 18, 2013, and October 2, 2013, and the identity of the Defendants who committed those acts.

**E.     Count V**

In the fifth count of his complaint, which is labeled "harassment," Leitzke alleges that police officers regularly and unlawfully harassed and physically attacked him. Lietzke alleges that these incidents occurred "from July 5, 1990 completely through [sic];" the complaint does not allege the final date on which these incidents occurred. (Doc. 9 p. 5). Construed in the light most favorable to Leitzke, the third count in his complaint is a claim for the deprivation of constitutional rights under color of state law pursuant to 42 U.S.C. § 1983.

Lietzke has been given an opportunity to amend his complaint to describe any alleged incidents of harassment that may have occurred within the limitations period. (*See* Doc. 8 (ordering Lietzke to file an amended complaint describing with reasonable particularity the nature of any allegedly unconstitutional actions that the Defendants took toward him after March 26, 2008, including "(1) the dates on which the allegedly unconstitutional acts occurred; (2) the identity of the Defendants who allegedly engaged in those acts; and (3) a description of the allegedly unconstitutional acts")). Lietzke has not amended his complaint

8

to add any description of any incidents of harassment that occurred within the limitations period, or even within this millennium. Accordingly, the fifth count in Leitzke's complaint is barred by the two-year statute of limitations applicable to § 1983 actions in Alabama. *Powell*, 643 F.3d at 1303. Therefore, the fifth count of Lietzke's complaint is due to be dismissed with prejudice under 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Reynolds*, 170 Fed. Appx. at 50-51; *Hughes*, 350 F.3d at 1163.

### III. Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge

1. that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the first, second, third, and fifth counts[2] of Leitzke's amended complaint be dismissed with prejudice as frivolous and for failure to state a relief upon which relief can be granted;

2. that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the court dismiss with prejudice all claims in count four of Lietzke's amended complaint that arise from incidents that occurred on June 19, 2008, July 14, 2008, November 8, 2008, December 23, 2008,

---

[2] In making this recommendation, the court notes that Lietzke has already been given an opportunity to amend his complaint to state with specificity any allegations of deprivation of constitutional rights that have allegedly occurred after March 26, 2008 (*see* Doc. 8), and his amended complaint does not include any such incidents in the first, second, third, or fifth count of the complaint. *See Troville*, 303 F.3d at 1260 n.5 ("Section 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required by Fed. R. Civ. P. 15"). Moreover, the court concludes that, as to the first, second, third, and fifth counts of the complaint, Rule 15 does not require Lietzke to be given further opportunities to amend because amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.").

January 27, 2009, May 27, 2009, August 20, 2009, October 19, 2009, January 3, 2010, February 1, 2010, August 16, 2010, April 10, 2011, June 12, 2011, July 12, 2011, and September 2, 2011, on grounds that those claims are frivolous and fail to state a claim upon which relief can be granted;

3. that the court dismiss for lack of jurisdiction any claim founded on injuries to "the 527 South Perry real estate employees" (Doc. 9 p. 5); and

4. that this case proceed only on those claims contained in the fourth count of Leitzke's complaint, which is labeled "constitutional rights violations," which arise out of incidents that allegedly occurred on June 10, 2012, June 20, 2012, December 28, 2012, August 18, 2013, and October 2, 2013. It is further

**ORDERED** that the parties shall file any objections to the said Recommendation on or before **January 2, 2014.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)*; see Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981). Further, it is

**ORDERED** that, **on or before January 6, 2014,** Plaintiff Bill Lietzke shall file an amended complaint. In the amended complaint, Lietzke must

1. provide a reasonably particular description of the incident(s) that occurred on June 10, 2012, in which he was allegedly deprived of his constitutional rights. In this description, Leitzke must provide the identity of the Defendants who allegedly deprived him of his constitutional rights on June 10, 2012, and explain what each Defendant did *on that specific date* to deprive him of his constitutional rights under color of state law;

2. provide a reasonably particular description of the incident(s) that occurred on June 20, 2012, in which he was allegedly deprived of his constitutional rights. In this description, Leitzke must provide the identity of the Defendants who allegedly deprived him of his constitutional rights on June 20, 2012, and explain what each Defendant did *on that specific date* to deprive him of his constitutional rights under color of state law;

3. provide a reasonably particular description of the incident(s) that occurred on December 28, 2012, in which he was allegedly deprived of his constitutional rights.

      In this description, Leitzke must provide the identity of the Defendants who allegedly deprived him of his constitutional rights on December 28, 2012, and explain what each Defendant did *on that specific date* to deprive him of his constitutional rights under color of state law;

4. provide a reasonably particular description of the incident(s) that occurred on August 18, 2013, in which he was allegedly deprived of his constitutional rights. In this description, Leitzke must provide the identity of the Defendants who allegedly deprived him of his constitutional rights on August 18, 2013, and explain what each Defendant did *on that specific date* to deprive him of his constitutional rights under color of state law; and

5. provide a reasonably particular description of the incident(s) that occurred on October 2, 2013, in which he was allegedly deprived of his constitutional rights. In this description, Leitzke must provide the identity of the Defendants who allegedly deprived him of his constitutional rights on October 2, 2013, and explain what each Defendant did *on that specific date* to deprive him of his constitutional rights under color of state law.

***The plaintiff is specifically advised that if he fails to file an amended complaint as required by this order, the court will treat his failure to comply with this order as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend that this action be dismissed.*** Further, it is

**ORDERED** that the motion to proceed *in forma pauperis* (Doc. 4) be and is hereby **GRANTED**. However, the Clerk is **DIRECTED** not to issue a summons and complaint until further order of the court.

Done this 20th day of December, 2013.

                                          /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE